## Case No. 5,661.

### In re GRAHAM.

[5 N. B. R. 155;[1] 28 Leg. Int. 317.]

District Court, D. Minnesota. 1873.

BANKRUPTCY—ASSETS—DISCHARGE.

When the assets of a bankrupt, after the payment of valid liens, do not equal fifty per cent.

---

[1] [Reprinted from 5 N. B. R. 155, by permission.]

of the claims proved against him contracted subsequently to January first, eighteen hundred and sixty-nine, on which he was liable as principal debtor, and he fails or neglects to file the consent of a majority in number and amount of those creditors, he can only be discharged from debts contracted prior to January first, eighteen hundred and sixty-nine.

[Cited in Re Kahley, Case No. 7,594; Re Van Riper, Id. 16,874; Re Vinton, Id. 16,951; Re Waggoner, 5 Fed. 917.]

[In bankruptcy. In the matter of W. H. Graham.]

NELSON, District Judge. The report of the register upon the application of the bankrupt for a discharge, shows that the assets received by the assignee amounted to the sum of nine hundred and eighty-eight dollars and ninety-six cents. This sum was received from the sale of property encumbered by liens, prior to January first, eighteen hundred and sixty-nine, to nearly the full amount realized. The assignee sold the property by order of the court freed from the encumbrances, the liens being transferred to the fund in court realized upon the sale. The surplus, after discharging the liens, does not equal fifty per cent. in value of the proved debts contracted subsequent to January first, eighteen hundred and sixty-nine, on which the bankrupt was liable as principal debtor.

The question presented is, whether a full discharge can be granted to the bankrupt from all debts contracted as above stated after January first, eighteen hundred and sixty-nine. Section 33, as amended July twenty-seven, eighteen hundred and sixty-eight [15 Stat. 227], declares that "in all proceedings in bankruptcy commenced after the first of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, unless the assent in writing of a majority in number and value of the creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case at or before the time of the hearing of the application for discharge." I had occasion to pass upon this clause of section thirty-three, as amended, and held that a fair construction of it would require that, before a discharge could be granted, the proceeds of the debtor's property in the hands of the assignee, and subject to be divided among his creditors, must be equal to fifty per centum of the proved debts, upon which he was liable as principal debtor, unless an assent of his creditors was filed in accordance with the terms of the section. In re Freiderick [Case No. 5,092].

It is conceded in the case now under consideration, that the amount realized by the assignee upon the sale of the encumbered property was equal to fifty per cent. of all

the debts against the bankrupt, secured and unsecured, and a discharge would be granted had not the law been changed by the act of July fourteenth, eighteen hundred and seventy [16 Stat. 276], viz.: "That the provisions of the second clause of the thirty-third section of said act, as amended by the first section of an act in amendment thereof, approved July twenty-seven, eighteen hundred and sixty-eight, shall not apply to those debts from which the bankrupt seeks a discharge which were contracted prior to the first day of January, eighteen hundred and sixty-nine." That is, the restriction still remains upon the bankrupt in regard to debts contracted since January first, eighteen hundred and sixty-nine, and the proceeds of the debtor's property applicable to the payment of those debts, must equal fifty per cent. in value, etc., before he can obtain a discharge from them. The amount of the debts proved upon which this restriction operates are more than fifty per cent. of the moneys in the hands of the assignee, after paying the liens, within the saving clauses of sections fourteen and twenty, and the bankrupt is therefore unable to meet the requirements of the act. Inasmuch as he has also failed to file any assent of creditors, which would relieve him from this restriction, a discharge only from debts contracted prior to January first, eighteen hundred and sixty-nine, can be granted. An order will be entered for such a modified discharge.